# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CLYDE ALVIN HOFFMAN,<br><br>    Defendant. | CR06-4066-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS, OR ALTERNATIVELY TO SUPPRESS** |

_____

The defendant Clyde Alvin Hoffman has filed a motion (Doc. No. 7) to dismiss the case against him, or alternatively to suppress statements he made to ATF Special Agent Zane Dodds on August 10, 2006. The plaintiff (the "Government") resists the motion (Doc. No. 11), and Hoffman has filed a reply (Doc. No. 12). The court held a hearing on the motion on September 11, 2006. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the Government. Hoffman appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. Hoffman offered the testimony of Federal Defender Nicholas Drees, and Hoffman's mother Teresa Hoffman. The Government offered the testimony of Agent Dodds.

In his motion, Hoffman alleges Agent Dodds committed misconduct and violated Hoffman's Sixth Amendment rights when he had a conversation with Hoffman, in the absence of counsel, at the time Agent Dodds served Hoffman with civil forfeiture papers on August 10, 2006. Hoffman asserts the alleged misconduct of the government agent should warrant dismissal of this action. In the alternative, he asks the court to suppress all statements he made to Agent Dodds on August 10, 2006.

Addressing the suppression issue first, counsel for the Government represented at the hearing that Hoffman made no incriminating statements to Agent Dodds on the date in question, and the Government does not intend to offer any statements made by Hoffman on that date as evidence at the trial of this case. Accordingly, the undersigned finds Hoffman's motion to suppress to be moot.

Addressing Hoffman's motion to dismiss, the court makes no finding regarding what was said by or to defense counsel or Agent Dodds, because the court finds such a finding is not necessary to a determination of the motion. The court notes that even if the allegations Hoffman makes are true, only the most outrageous governmental misconduct would warrant dismissal of the case, and even then only if the defendant could show a violation of due process had occurred. *See United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). *See also United States v. Capelton*, 350 F.3d 231, 243 n.5 (1st Cir. 2003) (noting the "outrageous government conduct doctrine is moribund," and is rejected by the courts regularly). The conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) (internal citation omitted).

In the present case, the defendant has not offered evidence to show that even if Agent Dodds's conduct were as alleged, it reached the requisite level of outrageousness to warrant dismissal of the case. As a result, the motion should be denied.

IT IS THEREFORE RESPECTFULLY RECOMMENDED, unless any party files objections to this Report and Recommendation as specified below, that Hoffman's motion to dismiss the Indictment, or alternatively to suppress evidence, be **denied**.

Any party who objects to this report and recommendation must serve and file specific, written objections **by no later than September 15, 2005**. Any response to the objections must be served and filed **by no later than September 19, 2005.**

**IT IS SO ORDERED.**

**DATED** this 12th day of September, 2006.

_Paul A. Zoss_
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT