# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLYDE ALVIN HOFFMAN,<br><br>Defendant. | No. CR06-4066-MWB<br><br>ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SUPPRESS STATEMENTS |

_____

## *I. INTRODUCTION AND BACKGROUND*

On July 27, 2006, an indictment was returned against defendant Clyde Alvin Hoffman, charging defendant, having previously been convicted of a felony drug offense, with conspiring to distribute 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851, possessing with intent to distribute less than 5 grams of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1).

Defendant Hoffman has filed a Motion To Dismiss Or In The Alternative Motion To Suppress Statements (#7). In his motion, defendant Hoffman seeks dismissal of the criminal indictment in this case on the grounds that a government agent committed misconduct and violated his Sixth Amendment rights when the agent had a conversation with Hoffman, without counsel being present, at the time the agent served Hoffman with

civil forfeiture papers. Defendant Hoffman alternatively requests that the court suppress all statements he made to ATF Special Agent Zane Dodds on August 10, 2006.

Defendant Hoffman's Motion To Dismiss Or In The Alternative Motion To Suppress Statements was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On September 12, 2006, following an evidentiary hearing, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Hoffman's Motion To Dismiss Or In The Alternative Motion To Suppress Statements be denied. Judge Zoss concluded that defendant Hoffman's motion to suppress was moot because he made no incriminating statements to Agent Zane on August 10, 2006. Turning to defendant Hoffman's motion to dismiss, Judge Zoss found that, even of Agent Dodd's conduct was as alleged, defendant Hoffman had not presented evidence of governmental misconduct rising to the level of outrageousness necessary to warrant dismissal of the case. Therefore, Judge Zoss recommended that defendant Hoffman's Motion To Dismiss Or In The Alternative Motion To Suppress Statements be denied in its entirety. Neither the government nor defendant Hoffman have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

2

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of September 12, 2006, and orders that defendant Hoffman's Motion To Dismiss Or In The Alternative Motion To Suppress Statements is **denied**.

**IT IS SO ORDERED.**

**DATED** this 28th day of September, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA